# EXHIBIT A

# (Proposed Order)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:   stephen.ravin@saul.com<br>           turner.falk@saul.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>PORT ELIZABETH TERMINAL & WAREHOUSE CORP.,<br><br>                              Debtor.<br>Tax I.D. No. 22-2056485 | Chapter 11<br><br>Case No. 25-22123 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS, INC.,<br><br>                              Debtor.<br>Tax I.D. No. 11-1953713 | Chapter 11<br><br>Case No. 25-22127 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>AMEX SHIPPING AGENT, INC.,<br><br>                              Debtor.<br>Tax I.D. No. 22-2014699 | Chapter 11<br><br>Case No. 25-22129 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>THE JUDGE ORGANIZATION, LLC,<br><br>                              Debtor.<br>Tax I.D. No. 45-4018267 | Chapter 11<br><br>Case No. 25-22130 (JKS)<br><br>(Joint Administration Requested) |
| In re:<br><br>P. JUDGE & SONS TRUCKING, LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 25-22131 (JKS) |

| | |
|---|---|
| Tax I.D. No. 30-0709853<br>In re:<br><br>JUDGE WAREHOUSING, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 37-1656690 | (Joint Administration Requested)<br><br>Chapter 11<br><br>Case No. 25-22132 (JKS)<br><br>(Joint Administration Requested) |

**ORDER DIRECTING JOINT ADMINISTRATION OF THE
<u>DEBTORS' CHAPTER 11 CASES</u>**

The relief set forth on the following pages numbered three (3) through five (5) is **<u>ORDERED.</u>**

2

Page 3

| | |
|---|---|
| Debtors: | In re Port Elizabeth Terminal & Warehouse Corp, *et al.* |
| Case No. | 25-22123 (JKS) |
| Caption: | Order Directing Joint Administration of the Debtors' Chapter 11 Cases |

Upon consideration of the motion (the "**Motion**")[1] for entry of an order directing the Debtors' Chapter 11 Cases to be jointly administered for procedural purposes only and granting related relief, all as more fully set forth in the Motion; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion was adequate and appropriate under the circumstances; and the Court having reviewed the Motion and the First Day Declaration in support thereof; and the Court having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing held before this Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 25-22123 (JKS) in accordance with the provisions of Bankruptcy Rule 1015.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases or as permitting the Debtors to file consolidated schedules, statements or monthly operating reports.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Page 4
Debtors:       In re Port Elizabeth Terminal & Warehouse Corp, *et al.*
Case No.       25-22123 (JKS)
Caption:       Order Directing Joint Administration of the Debtors' Chapter 11 Cases

4. The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Port Elizabeth Terminal & Warehouse Corp., Case No. 25-22123 (JKS).

5. All lists, schedules, and statements shall be filed and docketed in the Lead Case, but shall indicate the applicable Debtor to which they apply.

6. The Debtors shall file individual monthly operating reports for each Debtor and such reports shall be docketed in the Lead Case.

7. Parties in interest are directed to use the Consolidated Caption annexed to this Order as **Exhibit 1** when filing a pleading with the Court in the Chapter 11 Cases of the Debtors, which consolidated caption indicates that the pleading relates to the jointly administered chapter 11 cases of "Port Elizabeth Terminal & Warehouse Corp., *et al.*"

8. The Consolidated Caption set forth in **Exhibit 1** satisfies the requirements of section 342(c) of the Bankruptcy Code.

9. All original docket entries shall be made in the case of Port Elizabeth Terminal & Warehouse Corp., Case No. 25-22123 (JKS).

10. The Clerk of Court shall make a docket entry in each of the Debtors' chapter 11 cases substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Port Elizabeth Terminal & Warehouse Corp. (Case No. 25-22123 (JKS)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-22123 (JKS) should be consulted for all matters affecting this case.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4

Page 5
Debtors:      In re Port Elizabeth Terminal & Warehouse Corp, *et al.*
Case No.     25-22123 (JKS)
Caption:     Order Directing Joint Administration of the Debtors' Chapter 11 Cases

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.